FILED

1  MILLEN, WHITE, ZELANO & BRANIGAN
   JEFFREY R. COHEN (*Pro Hac Vice* Application Forthcoming)
2    cohen@mwzb.com
   2200 Clarendon Blvd., Suite 1400      2011 NOV -1  PM 3:48
3  Arlington, Virginia 22201
   Telephone: 703.243.6333             CLERK U.S. DISTRICT COURT
4  Facsimile: 703.243.6410               CENTRAL DIST. OF CALIF.
                                              LOS ANGELES
5  KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
   JENNIFER J. McGRATH (SBN 211388)
6    jmcgrath@kwikalaw.com
   808 Wilshire Boulevard, 3rd Floor
7  Santa Monica, California 90401
   Telephone: 310.566.9800
8  Facsimile: 310.566.9850

9  Attorneys for Plaintiff
   MULTI TIME MACHINE, INC.

10

11

12              UNITED STATES DISTRICT COURT

13    CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

14

15  MULTI TIME MACHINE, INC.,          Case No. CV11-9076-DDP(MANx)

16            Plaintiff,               COMPLAINT FOR:

17       vs.                           Trademark Infringement of
                                       Federal Registrations;
18  AMAZON.COM, INC. AND
    AMAZON SERVICES, LLC               Trademark Infringement and
19                                     False Designation of Origin;
              Defendants.
20                                     State and Common Law
                                       Trademark Infringement;
21
                                       Common Law Unfair
22                                     Competition; and

23                                     Violation of California Business
                                       and Professions Code § 17200
24

25                                     Trial Date:    None Set

26

27

28

99911.00009/92064.1

COMPLAINT

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

Plaintiff, Multi Time Machine, Inc. ("Plaintiff"), brings this action for trademark infringement and unfair competition, and hereby alleges as follows:

## I.

## PARTIES

1.      Plaintiff is a corporation organized under the laws of the state of California with its principal place of business at 1225 South Grand Avenue, Los Angeles, California 90015.

2.      On information and belief, Defendant Amazon.com, Inc. is a corporation organized under the laws of the state of Delaware, with its principal place of business at 410 Terry Avenue N, Seattle, Washington.

3.      On information and belief, Defendant Amazon Services, LLC is a limited liability company organized under the law of state of Nevada, with its principal place of business at 410 Terry Avenue N, Seattle, Washington. Defendants Amazon.com, Inc. and Amazon Services, LLC are collectively referred to hereinafter as "Defendants."

## II.

## JURISDICTION

4.      This is an action for trademark infringement and unfair competition arising under the Federal Trademark Act of July 5, 1946, 15 U.S.C. § 1051, *et seq.* as amended and under California statutory and common law.

5.      This Court has jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 in that these claims are brought to determine a question of actual controversy between the parties arising under the trademark and unfair competition laws of the United States and claims of unfair competition under California law are joined with substantial and related claims under the Trademark Act.

6.      Based on the facts set forth below, venue is proper under 28 U.S.C. § 1391(b) and (c), and personal jurisdiction is also proper.

III.

**FACTUAL BACKGROUND**

A.   <u>Plaintiff and its Federal Registrations and Other Rights</u>

7.   Plaintiff is a watch manufacturer founded in 1990.  Since at least as early as 1995, Plaintiff has used the trademark MTM SPECIAL OPS in connection with time pieces.  In the U.S., Plaintiff's watches are available from Plaintiff at its website specialopswatch.com and are available in select authorized retail and web stores.  They are also available internationally through thoroughly screened and approved distributors only.  Plaintiff does not sell its time pieces on the website amazon.com.

8.   Plaintiff is the owner of the following federal trademark registrations and the marks identified therein:

| | |
|---|---|
| Reg. No. | 3167484 |
| Issued: | November 7, 2006 |
| Mark: | MTM SPECIAL OPS |
| Goods: | time pieces |
| | |
| Reg. No. | 3192528 |
| Issued: | January 2, 2007 |
| Mark: | PRO OPS |
| Goods: | Timepieces |
| | |
| Reg. No. | 3134557 |
| Issued: | August 22, 2006 |
| Mark: | MILITARY OPS |
| Goods: | Timepieces |

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

| | | |
|---|---|---|
| Reg. No. | 2674456 | |
| Issued: | January 14, 2003 | |
| Mark: | AMERICAN WATCH | |
| Goods: | Watches and Clocks | |

Copies of the foregoing registrations are attached as Exhibit 1 and incorporated by reference herein.

9.    Since at least as early as 1995, Plaintiff has used the trademark MTM USA SPECIAL OPS COMBAT TACTICAL PRECISION in connection with timepieces.

10.    Based on its long use in the state of California and elsewhere, Plaintiff has acquired rights in its trademarks MTM SPECIAL OPS, PRO OPS, MILITARY OPS, AMERICAN WATCH and MTM USA SPECIAL OPS COMBAT TACTICAL PRECISION.  These rights, together with Plaintiff's marks as identified in the foregoing registrations in Exhibit 1, are hereinafter collectively referred to hereinafter as "Plaintiff's Marks."

11.    Plaintiff used each of Plaintiff's Marks in commerce long before the acts of Defendants complained of herein.

12.    As a result of Plaintiff's longstanding use and promotional efforts, Plaintiff's Marks for years have been and continue to be distinctive marks that symbolize substantial goodwill.  Plaintiff's marks are well known as symbols identifying and distinguishing Plaintiff's timepieces.

**B.    Defendants' Acts**

13.    Defendants are infringing Plaintiff's trademarks by substituting a competing brand of goods when Plaintiff's brand is ordered through the website amazon.com.

14.    On information and belief, Defendants operate the online retailer located at amazon.com where Internet users can purchase books, DVDs, CDs, MP3

1   downloads, computing software, video games, electronics, apparel, furniture, food,

2   toys and other items, including watches.

3        15.    On information and belief, amazon.com is available throughout the

4   United States, and is used by Internet users in California.

5        16.    The website located at amazon.com contains a feature whereby Internet

6   users can search for items to purchase by entering in a search query.  Internet users

7   enter search queries and receive listings of items for sale relating to that query.

8        17.    Internet users can use Defendants' search feature to search for products

9   for purchase within product categories, called "Departments."  Departments include

10   appliances, books, computers, electronics and watches.  Internet users can also use

11   Defendants' search feature to search for products for purchase within all

12   Departments.

13        18.    On information and belief, the results generated by Defendants' search

14   system depend, at least in part, on search queries.  Defendants' search feature allows

15   for the free entry of text; individual words may be searched, in addition to strings of

16   text.

17        19.    Internet users may search generic terms, such as "watches", and receive

18   results consisting of all manner of watches.

19        20.    Internet users may also search brand names.

20        21.    Beginning at least as early as January 2011 and continuing through the

21   filing of this complaint, Internet users searching the term MTM SPECIAL OPS

22   received results containing watches made by third parties, such as Luminox.

23        22.    Print-outs showing results of the query MTM SPECIAL OPS are

24   attached hereto as Exhibit 2 and incorporated herein by this reference.

25        23.    At the top of the results page, the trademark MTM SPECIAL OPS is

26   prominently displayed in quotations when entered as a search query.  Immediately

27   below the trademark MTM SPECIAL OPS are "related searches" containing

28

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

1  hyperlinks to search results for queries containing, in whole or in part, and in

2  addition to other terms, the trademark MTM SPECIAL OPS.

3      24.    Under the "related searches" are the results of the search query.  In the

4  case of queries consisting of the trademark MTM SPECIAL OPS, the results consist

5  of the prominent display of watches by competing watch makers.

6      25.    This constitutes an infringement in that Defendants are substituting

7  those watches made by third parties, such as Luminox, when Plaintiff's brand is

8  ordered.

9      26.    Plaintiff is not the source of these goods and has never authorized the

10  use of Plaintiff's Marks in this manner.

11      27.    Plaintiff by counsel wrote to Defendants on February 3, 2011

12  complaining of Defendants' use of the trademark MTM SPECIAL OPS.  A copy of

13  that letter is shown at Exhibit 3 and incorporated by reference herein. Plaintiff re-

14  sent this letter to Defendants on February 14, 2011.

15      28.    Plaintiff by counsel wrote to Defendants on March 22, 2011

16  complaining of Defendants' use of the trademark MTM SPECIAL OPS.  A copy of

17  that letter is shown at Exhibit 4 and incorporated by reference herein.

18      29.    Defendants responded to Plaintiff's inquiries by its email of March 26,

19  2011.  A copy of that email is shown at Exhibit 5 and incorporated herein by this

20  reference.

21      30.    Plaintiff by counsel wrote to Defendants on June 13, 2011 complaining

22  of Defendants' use of MTM SPECIAL OPS WATCHES.  A copy of that letter is

23  shown at Exhibit 6 and incorporated by reference herein.

24      31.    Defendants responded to Plaintiff's inquiries by Defendants' email of

25  June 14, 2011.  A copy of that email is shown at Exhibit 7 and incorporated herein

26  by this reference.

27

28

99911.00009/92064.1

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

1    32.    Plaintiff by counsel wrote to Defendants on June 15, 2011 complaining

2  of remaining listings using MTM SPECIAL OPS and MTM WATCHES.   A copy

3  of that letter is shown at Exhibit 8 and incorporated by reference herein.

4    33.    Defendants responded to Plaintiff's inquiries by Defendants' email of

5  June 16, 2011.  A copy of that email is shown at Exhibit 9 and incorporated herein

6  by this reference.

7    34.    On information and belief, beginning at least as early as January 2011

8  and continuing through the filing of this complaint, Internet users searching the term

9  PRO OPS received results containing watches made by third parties, such as

10  Luminox.

11    35.    Print-outs showing results of the query PRO OPS are attached hereto as

12  Exhibit 10 and incorporated herein by this reference.

13    36.    At the top of the results page, the trademark PRO OPS is prominently

14  displayed in quotations when entered as a search query.  Below the trademark PRO

15  OPS is the result of the search query.  In the case of queries consisting of the

16  trademark PRO OPS, the results consist of the prominent display of watches by

17  competing watch makers.

18    37.    This constitutes an infringement in that Defendants are substituting

19  those watches made by third parties, such as Luminox, when Plaintiff's brand is

20  ordered.

21    38.    Plaintiff is not the source of these goods and has never authorized the

22  use of Plaintiff's Marks in this manner.

23    39.    On information and belief, beginning at least as early as January 2011

24  and continuing through the filing of this complaint, Internet users searching the term

25  MTM USA SPECIAL OPS COMBAT TACTICAL PRECISION received results

26  containing watches made by third parties, such as Luminox.

27

28

40.    Print-outs showing results of the query MTM USA SPECIAL OPS COMBAT TACTICAL PRECISION are attached hereto as Exhibit 11 and incorporated herein by this reference.

41.    When the term MTM USA SPECIAL OPS COMBAT TACTICAL PRECISION is entered as a search query, the top of the results page contains the text, "Your search "MTM USA SPECIAL OPS COMBAT TACTICAL PRECISION" did not match any products."  However, below this line is the text, "showing results using some of your search terms," followed by, "**MTM** ~~USA~~ **SPECIAL OPS** ~~COMBAT TACTICAL PRECISION~~" (emphasis in original). Immediately below is the result of the search query.  In the case of queries consisting of the trademark MTM USA SPECIAL OPS COMBAT TACTICAL PRECISION, the results consist of the prominent display of watches by competing watch makers.

42.    This constitutes an infringement in that Defendants are substituting those watches made by third parties, such as Luminox, when Plaintiff's brand is ordered.

43.    Plaintiff is not the source of these goods and has never authorized the use of Plaintiff's Marks in this manner.

44.    On information and belief, beginning at least as early as January 2011 and continuing through the filing of this complaint, Internet users searching the term AMERICAN WATCH received results containing watches and clocks made by third parties, such as Luminox.

45.    Print-outs showing results of the query AMERICAN WATCH are attached hereto as Exhibit 12 and incorporated herein by this reference.

46.    At the top of the results page, the trademark AMERICAN WATCH is prominently displayed in quotations when entered as a search query.  Below the trademark AMERICAN WATCH is the result of the search query.  In the case of

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

1  queries consisting of the trademark AMERICAN WATCH, the results consist of the
2  prominent display of watches by competing watch makers.

3      47.    This constitutes an infringement in that Defendants are substituting
4  those watches made by third parties when Plaintiff's brand is ordered.

5      48.    Plaintiff is not the source of these goods and has never authorized the
6  use of Plaintiff's Marks in this manner.

7      49.    On information and belief, beginning at least as early as January 2011
8  and continuing through the filing of this complaint, Internet users searching the term
9  MILITARY OPS received results containing watches made by third parties, such as
10  Luminox.

11      50.    Print-outs showing results of the query MILITARY OPS are attached
12  hereto as Exhibit 13 and incorporated herein by this reference.

13      51.    At the top of the results page, the trademark MILITARY OPS is
14  prominently displayed in quotations when entered as a search query.  Below the
15  trademark MILITARY OPS is the result of the search query.  In the case of queries
16  consisting of the trademark MILITARY OPS, the results consist of the prominent
17  display of watches by competing watch makers.

18      52.    This constitutes an infringement in that Defendants are substituting
19  those watches made by third parties when Plaintiff's brand is ordered.

20      53.    Plaintiff is not the source of these goods and has never authorized the
21  use of Plaintiff's Marks in this manner.

22      54.    Despite receiving multiple letters from Plaintiff, Defendants have
23  persisted in using Plaintiff's Marks as a part of their search feature to offer
24  competing goods when Plaintiff's goods are searched by Internet users.  Defendants
25  have known, since at least the time of receiving Plaintiff's February 3, 2011 letter,
26  that Defendants' use of Plaintiff's Marks was damaging Plaintiff in California and
27  its reputation and causing confusion to consumers by the false impression created
28  thereby.  Defendants have thus knowingly persisted in conduct that is likely to cause

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

1  confusion in the trade and thereby intentionally infringed Plaintiff's Marks and

2  injured Plaintiff in California.

3       55.     Due to the infringing acts as detailed above, on information and belief

4  consumers have mistakenly purchased goods competitive with those of Plaintiff's.

5  Defendants knowingly and intentionally misled consumers by their false

6  representations that these goods were made by Plaintiff or associated with Plaintiff.

7       56.     Defendants' unlawful acts, unless restrained, are likely to continue

8  causing irreparable harm to Plaintiff.  Plaintiff has no adequate remedy at law

9  because injury to its reputation and goodwill cannot be quantified, and such injury

10 cannot be compensated by monetary amounts.

11

12              **FIRST CLAIM FOR RELIEF**

13        **(Trademark Infringement of Federal Registrations)**

14                [15 U.S.C. § 1114(1)(a)]

15      57.     Plaintiff realleges and incorporates herein each and every allegation

16 contained in paragraphs 1 through 56 above.

17      58.     As a complete and first ground for relief, Defendants' aforesaid acts

18 constitute trademark infringement in violation of 15 U.S.C. § 1114(1)(a), thereby

19 invoking and making available to Plaintiff the remedies provided by 15 U.S.C.

20 §§ 1116-1118.

21

22              **SECOND CLAIM FOR RELIEF**

23     **(Trademark Infringement and False Designation of Origin)**

24                [15 U.S.C. § 1125(a)(1)(A)]

25      59.     Plaintiff realleges and incorporates herein each and every allegation

26 contained in paragraphs 1 through 56 above.

27      60.     As a complete and second ground for relief, Defendants' aforesaid acts

28 constitute trademark infringement and a false designation of origin in violation of 15

1   U.S.C. § 1125(a)(1)(A), thereby invoking and making available to Plaintiff the

2   remedies provided by 15 U.S.C. §§ 1116-1118.

3

4                   **THIRD CLAIM FOR RELIEF**

5           **(State and Common Law Trademark Infringement)**

6           61.     Plaintiff realleges and incorporates herein each and every allegation

7   contained in paragraphs 1 through 56 above.

8           62.     Defendants' aforesaid acts constitute common law trademark

9   infringement under the laws of California.

10          63.     The acts of Defendants have caused damage and irreparable injury to

11  Plaintiff in an amount to be determined at trial, and such acts will result in further

12  damage and irreparable injury if Defendants are not permanently restrained and

13  enjoined by this Court.

14          64.     On information and belief, Defendants, by and through their conduct,

15  are guilty of oppression, fraud, or malice including their reckless disregard of the

16  Plaintiff's rights.  Furthermore, said conduct was carried out with a willful, wanton

17  and conscious disregard of the rights of Plaintiff.  By reason of the foregoing,

18  Plaintiff is entitled to punitive damages in an amount to be proven at trial.

19

20                  **FOURTH CLAIM FOR RELIEF**

21             **(Common Law Unfair Competition)**

22          65.     Plaintiff realleges and incorporates herein each and every allegation

23  contained in paragraphs 1 through 56 above.

24          66.     Defendants use Plaintiff's Marks to offer competing products when

25  Plaintiff's Marks are searched by internet users and to attract consumers who would

26  otherwise purchase Plaintiff's goods.  Such usages by Defendants are likely to

27  deceive prospective customers and the public into thinking that competing goods are

28  authorized, sponsored, associated with, or approved by Plaintiff.  By engaging in the

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

1  above-referenced conduct, Defendants have committed acts of unfair competition

2  under the laws of the state of California.

3        67.    The acts of Defendants have caused damage and irreparable injury to

4  Plaintiff in an amount to be determined at trial.

5        68.    On information and belief, Defendants, by and through their conduct,

6  are guilty of oppression, fraud, or malice including their reckless disregard of the

7  Plaintiff's rights.  Furthermore, said conduct was carried out with a willful, wanton

8  and conscious disregard of the rights of Plaintiff.  By reason of the foregoing,

9  Plaintiff is entitled to punitive damages in an amount to be proven at trial.

10

11                        **FIFTH CLAIM FOR RELIEF**

12      **(Violation of California Business and Professions Code § 17200)**

13        69.    Plaintiff realleges and incorporates herein each and every allegation

14  contained in paragraphs 1 through 56 above.

15        70.    Defendants use Plaintiff's Marks to offer competing products when

16  Plaintiff's Marks are searched by internet users and to attract consumers who would

17  otherwise purchase Plaintiff's goods.  Such usages by Defendants are likely to

18  deceive prospective customers and the public into thinking that competing goods are

19  authorized, sponsored, associated with, or approved by Plaintiff.  By engaging in the

20  above-referenced conduct, Defendants have committed acts of unfair competition

21  within the meaning of California Business and Professions Code Section 17200 *et*

22  *seq.*

23        71.    Defendants' conduct as alleged herein meets the "unlawfulness" prong

24  of California Business and Professions Code Section 17200 *et seq.* because

25  Defendants committed the unlawful practices alleged in this Complaint by, among

26  other things, engaging in trademark infringement.

27

28

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

99911.00009/92064.1

12

COMPLAINT

72.     As a result of the above-described conduct, potential and actual consumers have been, and will continue to be, misled into believing that the goods sold by Defendants were made by Plaintiff or are associated with Plaintiff.

73.     Plaintiff has been, and will continue to be, damaged and irreparably harmed by Defendants' acts of unfair competition.  Such irreparable harm constitutes an injury for which Plaintiff has no adequate remedy at law. Accordingly, Plaintiff is entitled to injunctive relief ordering Defendants to cease their unfair and illegal practices as alleged herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1.     Judgment that:

      a.     Plaintiff's Marks are valid and enforceable and are the exclusive property of Plaintiff; and

      b.     Defendants have infringed Plaintiff's Marks and competed unfairly with Plaintiff and that such infringement and unfair competition has been willful, deliberate, intentional and malicious.

      c.     The above acts of Defendants were unfair and unlawful acts of competition in violation of Cal. Bus. & Prof. Code § 17200, *et seq.*

2.     That Defendants, and any of their agents, servants, employees, attorneys, successors and assigns, and all persons in active concert or participation with Defendants, be enjoined and restrained, preliminarily, perpetually and permanently from:

      a.     Using in any manner Plaintiff's Marks, or any other mark which so resembles Plaintiff's Marks, as to be likely to cause confusion, deception or mistake, on or in connection with the advertising, offering for sale or sale of any product or service which is not authorized by Plaintiff;

      b.     Using any false or misleading designation of origin which tends to pass off Defendants' goods, services or commercial activities as those of Plaintiff;

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

99911.00009/92064.1

13

COMPLAINT

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

1           c.     Using any false or misleading designation or representation of

2    fact which misrepresents the nature, characteristics, qualities, or geographic origin

3    of Defendants' goods, services or commercial activities; and

4           d.     Unfair and illegal business practices or any conduct that

5    otherwise infringes Plaintiff's Marks or competes unfairly with Plaintiff.

6        3.     That Defendants, within 30 days after service of judgment with notice

7    of entry thereof upon Defendants, be required to file with the Court and serve upon

8    Plaintiff's attorneys a written report under oath setting forth in detail the manner in

9    which Defendants have complied with paragraph above.

10       4.     An accounting of all profits received by Defendants from the sale of

11   products or services in connection with Defendants' acts of infringement and unfair

12   competition.

13       5.     An award to Plaintiff of the actual damages sustained by Plaintiff on

14   account of Defendants' infringement and unfair competition.

15       6.     That this Court order Defendants to pay treble damages and/or

16   enhanced profits in view of Defendants' willful infringement and unfair

17   competition.

18       7.     That this Court order Defendants to pay punitive and/or exemplary

19   damages in an amount to be proven at trial.

20       8.     That this Court order Defendants to pay all costs, disbursements and

21   reasonable attorneys' fees.

22       9.     That this Court order that Plaintiff be awarded interest, including

23   prejudment interest, for any monetary award of damages and/or profits.

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

1    10.    For such other and further relief as this Court deems just and proper.

2

3   DATED:  November 1, 2011          KINSELLA WEITZMAN ISER
                                       KUMP & ALDISERT LLP
4

5

6

7                                 By:  _Jennifer J. McGrath_____

8                                      Jennifer J. McGrath
                                       Attorneys for Plaintiff
9                                      MULTI TIME MACHINE, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

99911.00009/92064.1

15
COMPLAINT

## **DEMAND FOR JURY TRIAL**

In conformity with the provisions of Rule 38(b) of the Federal Rules of Civil Procedure, as well as Local Rule 38-1, Plaintiff MULTI TIME MACHINE, INC. hereby demands a trial by jury of all issues so triable.


DATED: November 1, 2011          KINSELLA WEITZMAN ISER
                                 KUMP & ALDISERT LLP



By: _____
    Jennifer J. McGrath
    Attorneys for Plaintiff
    MULTI TIME MACHINE, INC.

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dean D. Pregerson and the assigned discovery Magistrate Judge is Margaret A. Nagle.

The case number on all documents filed with the Court should read as follows:

## CV11- 9076 DDP  (MANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)          NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL COVER SHEET**

| I (a) PLAINTIFFS   (Check box if you are representing yourself ☐ ) | DEFENDANTS |
|---|---|
| MULTI TIME MACHINE, INC. | AMAZON.COM, INC. and AMAZON SERVICES, LLC |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Jennifer McGrath<br>Kinsella Weitzman Iser Kump & Aldisert<br>Jennifer McGrath (SBN 211388)<br>808 Wilshire Boulevard, 3rd Floor<br>Santa Monica, CA 90401<br>(310) 566-9800 | |

**II.  BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III.   CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.   ORIGIN** (Place an X in one box only.)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V.   REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No       ☒ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI.   CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause.  Do not cite jurisdictional statutes unless diversity.)

This is an action for trademark infringement related under 15 U.S.C. Sectioms 1051, et. seq., as well as state law claims.

**VII.   NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/ PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☒ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus- Alien Detainee | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS - Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number: _____ CV11-9076_____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [X] No  [ ] Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [X] No  [ ] Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   [ ] A. Arise from the same or closely related transactions, happenings, or events; or

[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ] D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.

[ ] Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.

[ ] Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Washington |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.

Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties

Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _Jennifer D. Milham_     Date _11-1-11_

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |